**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 03-4865**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

IYMAN FARIS,

Defendant - Appellant.

─────────

On Remand from the United States Supreme Court.
(S. Ct. No. 04-6848)

─────────

Submitted: November 23, 2005      Decided: December 29, 2005

─────────

Before WILKINS, Chief Judge, and NIEMEYER and TRAXLER, Circuit
Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

David B. Smith, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Joseph N. Kaster, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C.; Paul J. McNulty, United States Attorney, Neil
Hammerstrom, Jr., Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before us on remand from the United States Supreme Court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). In our prior opinion, we affirmed Faris's conviction and 240-month sentence imposed after he pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C.A. §§ 371, 2339B (West Supp. 2005), and one count of providing material support to a foreign terrorist organization, in violation of 18 U.S.C.A. § 2339A (West Supp. 2005). United States v. Faris, 388 F.3d 452 (4th Cir. 2004), vacated, 125 S. Ct. 1637 (2005). After reviewing Faris's appeal in light of Booker, we affirm his conviction for the reasons stated in our prior opinion and affirm his sentence.

In Booker, the Supreme Court held that the mandatory manner in which the federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions and thereby making the Guidelines advisory. Id. at 756-67 (Breyer, J., opinion of the Court). After Booker, courts must calculate the appropriate Guideline range, consider the range in conjunction with other relevant factors under the

- 2 -

Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a district court imposes a sentence outside the Guideline range, the court must state its reasons for doing so as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). <u>Hughes</u>, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 547.

Faris did not rely on <u>Booker</u> in the district court because he was sentenced before the Supreme Court decided that case, and he did not make a Sixth Amendment objection to the Guideline calculations. Consequently, the district court's sentence is reviewed for plain error. Fed. R. Crim. P. 52(b); <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Faris must establish that error occurred, that it was plain, and that it affected his substantial rights. <u>Id.</u> at 547-48. If a defendant satisfies these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." <u>Id.</u> at 555 (internal quotation marks and citation omitted).

Faris concedes that no Sixth Amendment error occurred in the determination of his sentence because the Guideline[*]

---

[*]<u>See</u> <u>U.S. Sentencing Guidelines Manual</u> (USSG) § 2D1.1(c)(4) (2001).

- 3 -

calculations were supported by his admissions during the guilty plea hearing and the written statement of facts incorporated into his plea agreement, which he acknowledged during the plea hearing. Our review of the record supports Faris's concession that his sentence is not affected by Sixth Amendment error.

Faris also concedes that he cannot demonstrate any prejudice caused by the mandatory application of the Guidelines. Faris's offense level and criminal history resulted in a Guideline range of imprisonment of 360 months to life. The statutory maximum term of imprisonment for the offenses to which Faris pleaded guilty, however, was 240 months, which the district court imposed. Because the record provides no indication that the district court would have imposed a lesser sentence under an advisory Guidelines scheme, we find no error in the mandatory application of the Guidelines. <u>United States v. White</u>, 405 F.3d 208, 216-24 (4th Cir. 2005).

Accordingly, we affirm Faris's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>